UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEFAN LISZKA, : | |
| Plaintiff : | |
|  : | CIVIL ACTION NO. 3:14-0280 |
| v. : | |
|  : | (Mannion, D.J.) |
| CAROLYN W. COLVIN, : | (Cohn, M.J.) |
| Acting Commissioner : | |
| of the Social Security : | |
| Administration, : | |
| Defendant : | |

**M E M O R A N D U M**

Pending before the court is the report and recommendation of Judge Cohn, (Doc. 20), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be remanded to the Commissioner. Judge Cohn reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits ("DIB") under the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. Defendant filed objections to the report.[1] (Doc. 21). Plaintiff did not object to the report and did not respond to defendant's objections. For the following reasons, the report and recommendation is **ADOPTED** and, the

---

[1] The court notes that since Judge Cohn stated the full procedural history and facts of this case, (Doc. 20 at 2-3 and 5-11), and since defendant did not object to it, the court will not repeat it herein.

plaintiff's appeal is **GRANTED**. The decision of the defendant Commissioner will be **VACATED** and the case will be **REMANDED**.

## I.     STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C.

§636(b)(1); Local Rule 72.31.

## II. DISCUSSION

As set forth more fully in Judge Cohn's report, plaintiff Stefan Liszka applied for DIB alleging he was disabled due to musculoskeletal injuries sustained in an automobile accident on December 30, 2010. A hearing was held before an administrative law judge ("ALJ") on September 28, 2012. Plaintiff and a vocational expert ('VE") testified at the hearing. On October 17, 2012, the ALJ determined that plaintiff was not disabled within the meaning of the Act. The ALJ found that while plaintiff's musculoskeletal disorder was a severe impairment which prevented him from doing his previous medium exertional work as a carpenter, he maintains the residual functional capacity ("RFC") to do unskilled sedentary work, to lift and carry ten pounds occasionally and three pounds frequently, to sit six hours in an eight-hour day, and to stand and walk for two hours in an eight-hour day, but only 10 to 15 minutes at a time near his immediate work station.

Judge Cohn recommends that ALJ's decision to deny plaintiff's application for DIB be remanded for further proceedings since ALJ did not address a witness statement of plaintiff's brother, Mark Liszka, that corroborated plaintiff's claims regarding his limitations, including his use of a cane every day, how he tired very easily, how he was off balance, how he

lacked motivation, how he seemed depressed and, how he could not lift heavy things. Judge Cohn also indicates that the statement of plaintiff's brother contradicted findings of the ALJ, such as those regarding limitations in plaintiff's RFC which were not restricted to jobs that could be performed with a cane and which did not include restrictions in concentration, persistence or pace with respect to fatigue, motivation or depression and, those regarding limitations in plaintiff's daily activities. Further, Judge Cohn points out that while the ALJ did not have to afford full credibility to the statement of plaintiff's brother, he did have to acknowledge it and discuss why he either credited it or rejected it.

As Judge Cohn's report explains, when reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

4

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

Judge Cohn's report also details the five-step process that is required to determine if an applicant is disabled under the Act. The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from doing past relevant work, and; (5) whether the applicant's impairment prevents the applicant from doing any other work. 20 C.F.R. §§404.1520, 416.920.

5

Here defendant objects to Judge Cohn's report arguing that it is based on an overly broad application of *Burnett v. Commissioner of Social Sec. Admin.*, 200 F.3d 112 (3d Cir. 2000), that it failed to apply the required deferential standard of review, and that the statement of plaintiff's brother would not have changed the ALJ's determination of plaintiff's credibility or the outcome of this case.

In *Burnett*, an ALJ ignored and failed to address both relevant medical evidence and relevant lay-person testimony, taken under oath and before the ALJ, about a plaintiff's disability. Regardless of the nature of the testimony, "[a]llegations of pain and other subjective symptoms must be supported by objective medical evidence." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) (*citing* 20 C.F.R. §404.1529).

Residual functional capacity is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett*, 220 F.3d at 121 (citations omitted). The court in *Burnett* stated that the ALJ must consider all evidence before him in making a RFC determination. *Id.* The *Burnett* Court further elaborated that, while the ALJ is permitted to weigh the credibility of the evidence, he is required to give some indication of the pertinent and significant probative evidence which he rejects, as well as the

reasons for discounting the evidence. *Id*. Thus, the ALJ must mention and refute some of the contradictory evidence before him. *Id.; see also* Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); Garibay v. Comm. of Social Sec., 336 Fed.Appx. 152, 156 (3d Cir. 2009) ("In making an RFC determination, an ALJ must discuss both the evidence that supports his conclusion and the evidence that was rejected.") (citing *Burnett, supra;* Cotter v. Harris, 642 F2d 700, 705-07 (3d Cir. 1981)). The ALJ also must give the plaintiff's subjective complaints "serious consideration," Mason, 994 F.2d at 1067, and make specific findings of fact, including credibility, as to plaintiff's residual functional capacity. Burnett, 220 F.3d at 120.

As Judge Cohn indicated in his report, the statement of plaintiff's bother could be considered pertinent and probative evidence that supported plaintiff's testimony as to his limitations. Further, plaintiff presented sufficient evidence to show that he required a cane every day even though it was not prescribed by a physician, he had difficulty ambulating, he got tired easily, and his gait was unsteady. (TR 785, 819-821). The September 24, 2011 Third Party Function Report of plaintiff's bother substantiated this evidence. (TR 140-150). Judge Cohn correctly states that the statement of plaintiff's brother "is consistent with Dr. Greenfield's opinion that the cane was clinically

7

necessary." (Doc. 20, at 15, TR 785). It also substantiated plaintiff's testimony regarding his daily activities, including his daily use of a cane to get around his house and his use of a scooter when he is outside. (TR 39-50). There is contradictory evidence in the statement of plaintiff's bother since the ALJ did not limit plaintiff to jobs that he could perform with a cane. The observations of plaintiff's brother regarding the plaintiff's physical limitations should be considered in light of all the relevant medical evidence. "[A]though allegations of pain and other subjective symptoms must be consistent with objective medical evidence, the ALJ must still explain why he is rejecting the testimony." *Burnett,* 220 F.3d at 122 (citations omitted). The language of *Burnett* is broad and given the above discussion of the incomplete hypothetical, the ALJ should also address this evidence and incorporate it into his findings as necessary. 220 F.3d at 122; Frank-Digovanni v. Colvin, 2014 WL 2177090 (M.D.Pa. May 22, 2014) (this court remanded case since ALJ did not consider the statement of plaintiff's husband).

"No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (3d Cir. 1989). The failure of the ALJ to address the statement of

8

plaintiff's brother was an error that may have effected the outcome of this case. Indeed, the ALJ ask the VE if a person with the RFC discussed above could perform work and the VE testified such a person could work as a cashier, counter and rental clerk and order clerk. (TR 55). However, the VE stated that if plaintiff's testimony was given full credibility, he could not perform any work. (TR 56-58).

The ALJ's failure to consider the statement of plaintiff's brother requires remand for the ALJ to address this issue consistent with the report and recommendation, in light of the rule that an ALJ "is required to state the reasons for his decision to ensure meaningful judicial review." Irizarry v. Barnhart, 233 F.App'x 198, 192 (3d Cir. 2007) (*citing* Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)).

## III. CONCLUSION

Accordingly, the report and recommendation of Judge Cohn, (Doc. 20), is **ADOPTED IN FULL**. The case is remanded to the Commissioner for further proceedings consistent with this memorandum and Judge Cohn's report. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 17, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0280-01.wpd